**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heriberto Martinez Ortiz, et al., | No. CV-17-00164-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

On April 12, 2017, Plaintiffs Heriberto Martinez Ortiz ("Ortiz") and his wife Nora Morales ("Morales") filed a Complaint (Doc. 1), raising constitutional claims under 42 U.S.C. § 1983 as well as various state-law claims. On August 18, 2017, the Court issued an Order staying this case pending the resolution of underlying state criminal proceedings. (Doc. 26.) The Court lifted the stay on December 18, 2018. (Doc. 36.) Currently pending before the Court is a fully briefed Motion to Dismiss filed by Defendants Jose Nohe Garcia ("Garcia"), Jane Doe Garcia, and La Loma Grande, LLC ("La Loma") (collectively, "Movants"). (Doc. 18; *see also* Docs. 19, 22.)[1]

**I.     Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not demand detailed factual allegations, but it "requires more

---

[1] No party requested oral argument on the pending Motion to Dismiss, and the Court finds the Motion suitable for decision without oral argument.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must tender more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and alteration marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court evaluating a motion to dismiss must accept as true all factual allegations of the complaint, the same does not apply to legal conclusions couched as factual allegations. *Id.* Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

## II. Allegations of Complaint

The factual allegations of Plaintiff's Complaint, accepted as true for purposes of the pending Motion to Dismiss, are as follows.

Plaintiffs, a married couple, reside in Santa Cruz County, Arizona. (Doc. 1 at ¶¶ 4-5.) Defendants Derek Arnson ("Arnson"), Joaquin Lopez ("Lopez"), Amador Vasquez ("Vasquez"), and Roberto Fierros ("Fierros") are employees of the Nogales Police Department ("NPD"), and at all relevant times they were acting within the course and scope of their employment. (*Id.* at ¶¶ 7-13.) Garcia is a resident of Santa Cruz County, Arizona, and the manager of La Loma, an Arizona limited liability company. (*Id.* at ¶¶ 15-17.)

On March 9, 2016, Garcia filed a report stating that a generator and an impact wrench had been stolen from property owned by La Loma. (*Id.* at ¶¶ 25-26.) Garcia provided non-party Officer Velasco with a surveillance-camera photo date-stamped February 28, 2016, which showed the partial face of an individual. (*Id.* at ¶¶ 27-28.)

Garcia also provided a surveillance-camera photo showing a truck leaving the property with what appeared to be a generator in the truck bed. (*Id.* at ¶ 27.) The photo of the truck was time-stamped March 7, 2016, but Garcia told Officer Velasco that the photo was taken on March 6, 2016. (*Id.* at ¶ 29.) Garcia stated that he believed the individual in the photo taken on February 28, 2016—who had damaged the surveillance camera— was a possible suspect for the theft that had occurred on March 6, 2016; however, Garcia had no evidence to support that belief. (*Id.* at ¶¶ 30-31.)

On March 11, 2016, without further investigation, Fierros issued a press release with the February 28, 2016 photo, indicating that the individual in the photo was a suspect wanted for theft and asking the public for assistance in locating him. (*Id.* at ¶ 33.) The NPD also posted the surveillance-camera photos of the individual and the truck on their Facebook page. (*Id.* at ¶ 34.) Fierros intentionally or recklessly misled the public, because the photos were taken on different dates and the person in the February 28, 2016 photo was never seen driving the truck in the other photo. (*Id.* at ¶ 36.)

Approximately a month after NPD issued the press release, Lopez claimed that an anonymous male called his department-issued cell phone with information about the theft; however, Lopez's cell phone number was not published, there is no evidence that an anonymous tipster called the NPD number listed in the press release and Facebook post, and Lopez did not document or save the number that appeared on his cell phone. (*Id.* at ¶¶ 37-38, 58-68.) According to Lopez, the anonymous caller indicated that the individual in the February 28, 2016 surveillance-camera photo was Ortiz and that Ortiz had spray-painted his truck a different color days after NPS had released the surveillance-camera photos. (*Id.* at ¶¶ 64-66.) Lopez had a personal vendetta against Morales as a result of prior interactions and familial relationships. (*Id.* at ¶¶ 39-57.)

After police officers interrogated Ortiz, Vasquez contacted Garcia via telephone. (*Id.* at ¶ 113.) Garica informed Vasquez that he had shown the surveillance-camera photos to various people who had identified the individual in the photograph as Ortiz and the truck as belonging to Ortiz. (*Id.* at ¶¶ 114-117.) Vasquez drafted a search-warrant

affidavit based on the information provided to him by Lopez and Garcia. (*Id.* at ¶ 118.) The affidavit contained deliberately misrepresented and misleading information. (*Id.* at ¶¶ 119-125.)

After Ortiz's arrest, Vasquez interviewed witnesses that Garcia said had identified Ortiz and the truck. (*Id.* at ¶¶ 141-143.) The witnesses denied having identified Ortiz or the truck. (*Id.*) On October 24, 2016, a complaint was filed against Ortiz for theft. (*Id.* at ¶ 151.)[2]

Plaintiffs raise three § 1983 claims asserting violations of their Fourth, Fifth, and Fourteenth Amendment rights, as well as a § 1983 claim asserting municipal liability against the City of Nogales pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* at ¶¶ 161-196, 213-216.) Plaintiffs also raise an inadequate training and supervision claim which is labeled as a common-law claim but which appears to be brought pursuant to § 1983. (*See id.* at ¶ 219-228 (citing *City of Canton v. Harris*, 489 U.S. 378 (1989).) Plaintiffs raise state-law claims for false arrest, false imprisonment, assault, battery, negligence, defamation, "false light," intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium, punitive damages, and *respondeat superior* liability. (*Id.* at ¶¶ 197-212, 217-218, 229-254.)

### III. Discussion

In their Motion to Dismiss, Movants argue that Plaintiffs' Complaint fails to state valid claims against them under 42 U.S.C. § 1983 because it does not identify which constitutional rights Movants purportedly violated, how they purportedly violated those rights, and how they were acting under color of state law. Movants also argue that Plaintiffs' state-law claims against them should be dismissed for failure to state a claim and/or for lack of subject-matter jurisdiction. Plaintiffs argue in opposition that their

---

[2] Plaintiffs make numerous other allegations regarding alleged improprieties in the NPD's investigation of the theft, its arrest and interrogation of Ortiz, the issuance and execution of a search warrant, and publicity surrounding the case; however, those allegations do not mention Movants. (*See id.* at ¶¶ 72-112, 126-139, 145-160.)

Complaint satisfies federal pleading standards and contains sufficient factual allegations establishing that Movants acted in partnership with Lopez and Vasquez. Plaintiffs do not specifically respond to Movants' arguments concerning the state-law claims asserted in the Complaint.

After the pending Motion to Dismiss was fully briefed, Ortiz was tried by a jury in Santa Cruz County Superior Court and found guilty of theft. (Doc. 35.) Defendants argue in their Joint Case Management Report that the guilty verdict "will establish collateral estoppel and issue preclusion to bar Ortiz's claims" in this action. (*See, e.g.*, Doc. 39 at 22.) However, for purposes of the pending Motion to Dismiss, the Court will not consider the intervening guilty verdict and will instead address only the arguments raised in the Motion to Dismiss.

### A. Claims Under 42 U.S.C. § 1983

To prevail on a 42 U.S.C § 1983 claim, "a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal quotation and alteration marks omitted). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The under-color-of-state-law element of § 1983 actions "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). "When addressing whether a private party acted under color of law," courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A § 1983 plaintiff bears the burden of overcoming this presumption. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

There is no mechanistic formula for defining state action; courts must analyze the

unique circumstances of each case to determine whether there is a sufficiently close nexus between the state and the challenged conduct. *Sutton*, 192 F.3d at 836. Such a nexus may exist if a private party jointly participates in a conspiracy with state officials to deprive others of constitutional rights. *Id.* at 840; *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989); *see also Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980) (holding that complaint stated § 1983 claim against private parties who allegedly bribed and corruptly conspired with a judge). However, "merely complaining to the police does not convert a private party into a state actor." *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 189 (9th Cir. 1989) (quoting *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989)). Neither does merely supplying inaccurate information that leads to an arrest. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1357-58 (9th Cir. 1981) (citing *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1978)). To show that a private party acted under color of state law under a joint-action theory in the context of an allegedly wrongful arrest, a plaintiff must allege facts from which a reasonable conclusion could be drawn that the arrest resulted from "concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987).

Plaintiffs allege in their Complaint that all named Defendants "conspired, colluded, acted in concert, acted pursuant to a joint venture," and engaged in "a *de facto* association and/or enterprise with a common purpose." (Doc. 1 at ¶¶ 19-20.) Plaintiffs also allege that all named Defendants "were state actors" whose "conduct was subject to 42 U.S.C §§ 1983, 1985, and 1988." (*See, e.g.*, *id.* at ¶¶ 164, 191.) However, such conclusory allegations, devoid of supporting factual content, are not entitled to a presumption of truth. *Ashcroft*, 556 U.S. at 678. "[A] bare allegation of . . . joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [the defendants] acted under color of state law or authority." *DeGrassi v. City of*

*Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (internal quotation marks omitted).

After conclusory allegations are weeded out, Plaintiffs' Complaint alleges the following with respect to Movants: Garcia, the manager of La Loma, reported a theft that occurred on La Loma property to NPS, he provided NPS with two surveillance-camera photos, and he gave NPS inaccurate information concerning the date of one of the photos and witnesses' identification of Ortiz and his truck. In other words, Plaintiffs allege that Garcia provided information to NPS officers, "who were then free to decide for themselves" whether Ortiz should be arrested. *Butler*, 589 F.2d at 326. Plaintiffs' allegations are insufficient to show that Movants acted under color of state law.[3] Accordingly, the Court will grant Movants' request to dismiss Plaintiffs' § 1983 claims against them. Because it may be possible for Plaintiffs to cure the deficiencies of the § 1983 claims through the allegation of other facts, the Court will dismiss the claims without prejudice. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012).

### B. State-Law Claims

It is not clear from Plaintiffs' Complaint whether Plaintiffs are asserting state-law claims against Movants or how Movants' alleged conduct gives rise to liability under state law. Plaintiffs' Response to the Motion to Dismiss does not specifically address Movants' arguments concerning the state-law claims, nor does it provide any rationale for concluding that the state-law claims are adequately pled against Movants. The Court will grant Movants' request to dismiss the state-law claims against them.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[3] In addition, with respect to Plaintiff's claims against La Loma, the Court notes that there is no *respondeat superior* liability under § 1983. *See Tsao v. DesertPalace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012).

**IT IS ORDERED** that the Motion to Dismiss (Doc. 18) is **granted**. Defendants Jose Nohe Garcia ("Garcia"), Jane Doe Garcia, and La Loma Grande, LLC, as well as all claims asserted against them, are **dismissed without prejudice**.

Dated this 25th day of January, 2019.

_____
Honorable Rosemary Márquez
United States District Judge